## MARSHALL MFG. CO. v. TEXAS & P. RY. CO.

Circuit Court of Appeals, Fifth Circuit.
December 13, 1928.

No. 5307.

Hobart Key and Barret Gibson, both of Marshall, Tex., for appellant.

J. H. T. Bibb, of Marshall, Tex. (Bibb & Caven, of Marshall, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal by a shipper of freight from a judgment against it in favor of a railroad carrier for an amount which represented balances due on shipments under an interstate rate. During the year 1924, in which the shipments were made, there was in effect a rate thereon, approved by the Interstate Commerce Commission, of 34 cents per hundredweight from Paragould, Ark., to Marshall, Tex. During the same period there were in effect two local rates, one in Arkansas of 20.5 cents per hundredweight from Paragould to Texarkana, an intermediate point on the boundary line between the states of Arkansas and Texas, and the other in Texas of 8 cents per hundredweight from Texarkana to Marshall. The shipments in question were made in carload lots from Paragould to Texarkana, and then from Texarkana to Marshall, and appellant paid the aggregate of the intrastate rates, which amounted to 28.5 cents per hundredweight. Appellant, for the admitted purpose of taking advantage of the combined local rates, consigned the shipments to a consignee at Texarkana, who reconsigned them to appellant at Marshall, at which latter place the shipments arrived in unbroken bulk and under the original seals which had been placed upon the cars at Paragould.

That these were interstate shipments is settled by the decision of the Supreme Court in the very similar case of Baltimore, etc., R. Co. v. Settle, 260 U. S. 166, 43 S. Ct. 28, 67 L. Ed. 189. It was there held that a shipper could not receive the benefit of intermediate local rates, which in the aggregate were less than the interstate rate, by the device of consigning and reconsigning, where it was his intention from the beginning to make a through interstate shipment. Appellant concedes that the Settle Case would be conclusive authority against it, if the shipments here had been made, as they were there, prior to the passage of the Transportation Act of 1920. This appeal is based upon the proposition that that case is no longer applicable, because of amendments to sections 4 and 13 of the Interstate Commerce Act, embodied in the Transportation Act. 41 Stat. 480, 484 (49 USCA §§ 4, 13). The argument is that under section 4 as amended it is unlawful for any common carrier subject to the provisions of the act "to charge any greater compensation as a through rate than the aggregate of the intermediate rates subject to the provisions of this act," and that by the amendment to section 13 the Interstate Commerce Commission is given authority, after investigation and full hearing, resulting in a finding that any intrastate rate causes any undue, unreasonable, or unjust discrimination against interstate commerce, to prescribe the rate thereafter to be charged. The conclusions sought to be drawn are that the interstate rate here involved is unlawful, because it is greater than the sum of the two local rates, and that the trial court was without jurisdiction, because no action had been taken by the Interstate Commerce Commission.

The provision in the amended section 4, that it shall be unlawful to charge a through rate which is higher than the combination of local rates, is not new, but appears in section 4 of the original Interstate Commerce Act. 24 Stat. 380. Even though additional jurisdiction over intrastate rates was conferred by the amendment, rates that were unlawful after the amendment were unlawful before it was adopted. But section 6 of the Interstate Commerce Act, as amended by Act June 29, 1906, c. 3591, provides that a carrier shall not charge or receive any greater compensation than that shown in the published schedule of rates on file with the Commission. 34 Stat. 587 (49 USCA § 6). "The legal rights of shipper as against carrier in respect to a rate are measured by the published tariff. Unless and until suspended or set aside, this rate is made, for all purposes, the legal rate, as between carrier and shipper. The rights as defined by the tariff cannot be varied or enlarged by either contract or tort of the carrier. * * * This stringent rule prevails, because otherwise the paramount purpose of Congress—prevention of unjust discrimination—might be defeated." Keogh v. C. & N. W. R. Co., 260 U. S. 156, 163, 43 S. Ct. 47, 49 (67 L. Ed. 183). The challenged rate, having the approval of the Interstate Commerce Commission, was the only legal rate; and no provision contained in the Transportation Act of 1920 relieves the carrier of the duty to collect it, or takes away from the courts jurisdiction

to enforce collection of a rate already established by or with the approval of the rate-making body.

The judgment is affirmed.